```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**ARMANDO GUTIERREZ**                                           **PLAINTIFF**

        **v.**           **Civil No. 09-5189**

**DEPUTY KELLEY and**
**DEPUTY HARTMAN**                                              **DEFENDANTS**

### O R D E R

NOW on this 22nd day of August 2011, comes on for consideration the **Magistrate Judge's Report and Recommendation** (Doc. 35) and defendants' objection thereto (Doc. 36). Plaintiff has not submitted any objections to the Report and Recommendation. The Court, being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff, who is proceeding *pro se,* filed this civil rights action under 42 U.S.C. § 1983.

    2.   In his complaint, plaintiff alleges that, while incarcerated at the Benton County Detention Center, he was denied procedural due process in connection with certain disciplinary actions taken against him. In addition, plaintiff alleges that he was denied an adequate diet, denied responses to his grievances, and was subjected to excessive force.

    Plaintiff named as defendants in his complaint Deputies Kelley and Hartman. Plaintiff did not state in his complaint whether he was bringing his claims against Deputies Kelley and Hartman in their official and/or individual capacities.

3. Defendants filed a motion for partial summary judgment on all of plaintiff's claims except the excessive force claim. In order to assist plaintiff in responding to the summary judgment motion, the Magistrate Judge provided plaintiff with a list of questions for him to answer regarding the facts of his case. When asked whether he was suing the defendants in their individual or official capacities, plaintiff indicated that he was suing defendants in both their individual and official capacities.

4. Claims against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 24 (1991) (internal citations omitted). In official-capacity suits, the plaintiff must show that the entity's "policy or custom" played a part in the violation of federal law. *Id.* Individual capacity claims "seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.*

5. In her Report and Recommendation, the Magistrate Judge recommends that plaintiff's official capacity claims be dismissed because plaintiff has not alleged that his rights were violated as a result of any policy or custom of Benton County.

Neither party has objected to this portion of the Report and Recommendation. The Court finds that this part of the Report and Recommendation is sound in all respects and will be adopted.

6.   With respect to the individual capacity claims, the Magistrate Judge recommends that the Court deny the motion for summary judgment on plaintiff's claim that he was denied due process, and grant defendants summary judgment on plaintiff's claims regarding an inadequate diet and failure to respond to grievances.

Defendants object to this part of the Report and Recommendation on the grounds that plaintiff did not specify that he was suing defendants in their individual capacities in his complaint and, thus, it is not proper for the Court to construe the complaint as asserting individual capacity claims.

In support of their objection, defendants cite to *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) where the Eighth Circuit stated the rule that, "[i]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." (citations omitted).  The court explained that "[b]ecause section 1983 exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants."  *Id.* (citations omitted).

Thus, defendants assert that, because plaintiff has failed to specifically plead whether defendants are being sued in their

official or individual capacities, the Court should construe plaintiff's complaint as asserting official capacity claims only.

7.   The Court agrees with defendants that plaintiff did not expressly state in his complaint that he is asserting individual capacity claims.  However, the Court "has an obligation to liberally construe a *pro se* complaint." *Bracken v. Dormire*, 247 F.3d 699, 704 (8th Cir. 2001).  Further, plaintiff indicated in his response to defendants' summary judgment motion that he was suing defendants in both their individual and official capacities. Therefore, as this Court has previously held, it is proper to construe the complaint as asserting claims against defendants in both their individual and official capacities.  *See Savage v. Turner*, 2007 U.S. Dist. LEXIS 36383 at *27 (W.D. Ark. May 17, 2007).

8.   The Court finds that the Magistrate Judge's Report and Recommendation as to the individual capacity claims is sound in all respects and will be adopted.

**IT IS THEREFORE ORDERED** that the defendants' objection to the Magistrate Judge's Report and Recommendation is **overruled**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 35) is hereby **adopted in *toto***;

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, defendants' Motion

for Summary Judgment (Doc. 21) is hereby **GRANTED IN PART and DENIED IN PART**. Specifically:

* defendants' motion for summary judgment on plaintiff's official capacity claims is **GRANTED** and plaintiff's official capacity claims are **DISMISSED**;

* defendants' motion for summary judgment on plaintiff's individual capacity claims that he was denied an adequate diet and was denied responses to his grievances are also **GRANTED** and those claims are **DISMISSED**; and

* defendants' motion for summary judgment on plaintiff's individual capacity claim that he was denied due process is **DENIED**.

**IT IS SO ORDERED.**

> **/s/ Jimm Larry Hendren**
> **HON. JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**